UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RUSSELL E. KLINGMAN                                    CIVIL ACTION

VERSUS                                                 NO. 08-4157

MICHAEL J. ASTRUE, COMMISSIONER                        SECTION "J" (2)
OF SOCIAL SECURITY ADMINISTRATION

# FINDINGS AND RECOMMENDATION

Plaintiff, Russell E. Klingman, who is represented by counsel, filed this complaint in this court on August 12, 2008, seeking judicial review pursuant to Section 405(g) of the Social Security Act. Record Doc. No. 1. An answer to the complaint was filed on December 2, 2008. Record Doc. No. 6. Thereafter, a scheduling order was issued by the undersigned magistrate judge requiring that plaintiff file a memorandum of facts and law no later than January 5, 2009. Record Doc. No. 7.

On plaintiff's motion, the court granted plaintiff an extension of the deadline for filing a memorandum of facts and law. Record Doc. Nos. 9 and 10. The extended deadline by which plaintiff was to file a memorandum of facts and law was February 5, 2009. Record Doc. No. 10. However, plaintiff failed to file a memorandum as ordered by the court. Accordingly, by order dated February 11, 2009, counsel for plaintiff was ordered to appear in person before me on March 4, 2009 to report on the status of the

case and show cause why the case should not be dismissed for failure to prosecute. Record Doc. No. 11. The order advised plaintiff that filing the previously ordered memorandum prior to the March 4, 2009 hearing would satisfy the court's order and make an appearance unnecessary. The order was electronically sent to counsel for plaintiff by the Clerk. The record provides no indication that it was not received. However, at the time of the hearing on March 4, 2009, neither plaintiff nor his counsel appeared in court as ordered, and plaintiff's memorandum of facts and law still has not been filed in the record of this case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). Plaintiff's counsel's failure to file the required brief by February 5, 2009, followed by his failure to comply with the court's February 11, 2009 order to appear and report on the status of the case and show cause why the case should not be dismissed for failure to prosecute clearly reflect a failure on the part of plaintiff to prosecute.

In a third and final effort to provide plaintiff with an opportunity to file the necessary brief or to otherwise show cause why this complaint should not be dismissed,

I am issuing these Findings and Recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to these Findings and Recommendation within ten (10) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.  It is suggested to the plaintiff that the objection should contain a short summary of the reasons why plaintiff failed to comply with the court's previous order.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit.  A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's findings and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation or the memoranda concerning the claims of Russell E. Klingman as previously ordered, this case be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___4th___ day of March, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE